9-7-16

No. 11-16-00122 CR

In the

Court of Criminal Appeals

Austin, Texas.

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 16 2016

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

SEP 16 2016

Abel Acosta, Clerk

Larry Smith
Appellant

V

The State of Texas

From Appeal No. 11-16-00122-CR
Trial Cause No. CR 46156
Midland County, Texas.

## Appellants Motion For Petition For Discretionary Review

### I.

To The Honorable Judges of The Court of Criminal Appeals: Comes Now, Larry Smith, Appellant, and files this motion For an extension To present this Appellants Motion For Petition For Discretionary Review. In support of this motion Appellant shows the Court the Following:

## II.

In the 238th Judicial District Court of midland County Texas Clearly prejudiced the Appellant Larry Smith By Denied motion and Request For Production of The Court Reporter's and Clerk Records and other supporting Relative Documentations that would clearly establish the Appellants innocence

Appellant in the above cause, moves the Court to dismiss the prosecution against him herein with prejudice to the State's Right to Reinstitute Same upon the grounds that he was induced to do so by a law enforcement agent and a person acting in accordance with instructions from such agent using persuasion and means likely to cause person to commit the offense alleged in the indictment herein, which persuasion and means were independent, of and exceeded conduct merely affording a person opportunity to commit an offense, by Reason of the following facts:

*Larry Smith*

PRO Se ISSUE

## III

Note: motion must be made at pretrial hearing or waived. Popico v. State 752 S.W.2d 212 Tex. App.—Houston [1st Dist.) 1988, pet. Ref'd Motion should be signed only by attorney to prevent an admissible admission of guilt by the Appellant. In this case the Appellant is acting pro se and in this case to Respected as Same. Objective test Requiring only inducement by means likely

to "induce "persons" is the law in Texas Johnson V. State 650 S.W.2d 784 (Tex Crim. App. 1983); Benavidez V. State, 652 S.W.2d 486 (Tex.App.— Corpus Christi 1983, No pet.); Norman V. State, 588 S.W.2d 340 (Tex.Crim App. 1979); Houston V. State, 735 SW. 2d. 903 (Tex. App —Houston (14th Dist.) 1987 pet. Ref'd); Donnell V. State, 677 S.w. 2d (Tex. App.— Houston (1st Dist.) 1984, No pet.). If issue Raised at a pretrial Stage. State must disprove beyond Reasonable doubt. Bush V. State 611 SW.2d. 428 (Tex Crim. App. 1980). Prior acts of similar nature may be admissible to Rebut inducement through not to prove predisposition. If entrapment prevails, Prosecution dismissed Id. Pretrial holding of entrapment is an acquittal and cannot be appealed by state. Taylor V. State 865 S.W.2d 154 Tex Crim App. 1994) Court Can Refuse to hear entrapment at pretrial Id. p.133. Author questions this last statement by J. Dally Contu V. State 546 S.W.2d 621 (Tex.Crim.App. 1977) cited by him in Bush, applies to the pretrial hearing after Statutory notice, which Requires filing of motions to be considered.

## IV

Instructions to agent OR informer by officer my be specific OR merely general, Rangel V. State, 585 sw. 2d 695 (Tex.Crim.App. 1979). Dissent–Charge on it should be Given. Id. Defense may exist as long as defendant does not personally deny guilt. Norman V. State, supra, Denial of guilt waives entrapment. Evans V. State. 690 S.W.2d 112 (Tex. App — El Paso 1985, pet Ref'd). It is usually a jury issue. Wayne V. State 718 S.W. 2d 393 (Tex App. Dallas 1986), Rev'd 756 SW.2d 724 (Tex. Crim. App. 1988); England V. State 729 SW. 2d. 388 (Tex App. —Fort Worth 1987, pet. Ref'd).

Entrapment is not Raised if defendant denies Criminal intent, even though he admits facts of offense, Smith v. State 733 S.W. 2d. 604 (Tex. App. - Dallas, 1987) aff'd, 761 S.W. 2d 17 (Tex, Crim, App. 1988).

US Supreme Court holds that denial of an element by defendant does not wave entrapment and this will probably be followed in Texas. Matthews v. US. 485 US. 58, 108 S.Ct. 883, 99 L.Ed 2d 980 (1988) Initial, and direct overture of offering money may be entrapment as matter of law. Ranson v. State, 630 S.W. 2d. 904 (Tex. App - Amarillo 1982, no pet.) Undisputed inducement of Crime is entrapment as a matter of law, Sherman v. U.S., 356 U.S. 369, 78

## State Proceedings

S. Ct. 819, 2 L. Ed. 2d 848 (1958) Russell v. U.S. 411 U.S. 423, 93 S. Ct. 1637, 36 L. Ed. 2d 366 (1973) U.S. v Jacobson, 503 U.S 540, 112 S. Ct. 1535, 118 L. Ed. 2d. 174 (1992) Entrapment applies to 169 (5th Cir. 1956). Manipulation of an unwilling third party makes him an "agent" as to entrapment. People v. McIntire, 23 Cal. 3d 742, 153 Cal. Rptr. 237, 591 P. 2d 527 (1979).

## Prayer

Wherefor Appellant prays this Court grant this Motion For Petition For Discretionary Review and Appellant prays the Court dismiss the prosecution against him herein with prejudice to the State's Right to Reinstitute same.

_Larry Smith_
PRO se Appellant